# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| THEODORE BROWN, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | CV416-190 |
| ) | CR494-086 |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## **REPORT AND RECOMMENDATION**

Theodore Brown was convicted by a jury for violating 18 U.S.C. § 922(g) (possession of a firearm by a convicted felon) and given an enhanced sentence of 312 months under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(1). *See* docs. 1[1] (indictment), 22 (jury verdict of guilty), 29 (judgment for 312 months' imprisonment). He seeks to exploit the new rule announced in *Johnson v. United States*, 576 U.S. __, 135 S. Ct. 2551 (2015), and made retroactive by *Welch v. United States*, 578 U.S. __, 136 S. Ct. 1257 (2016), to neutralize the 26-year enhanced

---

[1] The Court is citing to the criminal docket in CR494-086 unless otherwise noted, and all page numbers are those imprinted by the Court's docketing software.

sentence[2] he received for possession of a firearm and ammunition as a career felon. Doc. 64.

I.  **BACKGROUND**

Brown was found guilty by a jury of one count of possession of a firearm by a convicted felon. Doc. 22. His Presentence Investigative Report (PSR) deemed him an armed career criminal, and the Court ultimately sentenced him to 312 months' imprisonment. Docs. 29 & 33. His sentence was affirmed on appeal. *See* doc. 37 (mandate affirming judgment, filed May 13, 1996).

Over a decade after that first unsuccessful challenge, he sought Court intervention to have his federal sentence retroactively run concurrent to his state sentence. Doc. 39. When that failed, doc. 43, he filed his first 28 U.S.C. § 2255 motion to vacate his sentence. Doc. 44. The Court denied his motion both as facially frivolous and untimely and entered judgment against him. Docs. 45 at 2-3 & 50. Brown then unleashed a flurry of (unsuccessful) challenges, moving for reconsideration, docs. 51 & 52, sentence reduction, docs. 53 & 58, and a

---

[2]  The enhancement was based upon four of Brown's prior convictions for violent felonies, including two robberies by intimidation, murder, attempted kidnapping, and aggravated assault. *See* doc. 34 (sentencing hearing transcript).

*nunc pro tunc* order to the Bureau of Prisons recommending his time spent in state custody be applied to his federal sentence, docs. 59 & 67.

In the midst of this round of motions, the Supreme Court decided *Johnson*, 135 S. Ct. 2551, which determined that the "residual clause" of the ACCA, 18 U.S.C. § 924(e)(2)(B), is unconstitutionally vague. 135 S. Ct. at 2557. Brown sought (and ultimately received) permission from the Eleventh Circuit to file a successive § 2255 claim. *See In re: Theodore Brown*, No. 16-10166B (Feb. 12, 2016) (denying successive § 2255 motion on grounds *Johnson* was not retroactive); *In re: Theodore Brown*, No. 16-12725 (June 15, 2016) (granting in part successive § 2255 motion pursuant to *Welch*, 136 S. Ct. 1257 (holding *Johnson* retroactive)).

He then filed his second § 2255 claim with this Court, arguing that while his conviction for murder still counts, his convictions for robbery by intimidation, aggravated assault, and criminal attempt to kidnap no longer qualify as violent felonies warranting ACCA enhancement. Doc. 64. If they no longer qualify, then his murder conviction, standing alone, would not support his ACCA 15-year-to-life enhancement. *Id.* The Government opposes his motion. Doc. 70.

3

## B. ANALYSIS

The ACCA provides enhanced penalties for defendants who are (1) convicted of being felons in possession of firearms in violation of 18 U.S.C. § 922(g), and (2) have "three prior convictions . . . for a violent felony or a serious drug offense, or both." 18 U.S.C. § 924(e)(1). Plain vanilla, felon-in-possession convictions fetch a maximum 10 year sentence, *see* 18 U.S.C. § 922(a)(2), while the ACCA enhancement mandates a 15 year minimum (and a maximum of life). 18 U.S.C. § 924(e)(1).

The ACCA defines "violent felony" as, among other things, a felony that "otherwise involves conduct that presents a serious potential risk of physical injury to another." *Id*. at § 924(e)(2)(B). *Johnson* held that that "residual clause" violated due process. *See* 135 S. Ct. at 2557. It said nothing, however, about ACCA enhancements predicated on convictions for "serious drug offenses" or "violent felonies" classed as such under ACCA provisions other than the residual clause. *See, e.g.*, *Johnson*, 135 S. Ct. at 2563 ("Today's decision does not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony," much less its definition of "serious drug

4

offense"). After *Johnson*, enhancements based on those offenses remain valid. *See United States v. Tinker*, 618 F. App'x 635, 637 (11th Cir. 2015) (convictions that qualify as violent felonies under the "elements" clause of the ACCA rather than the "residual" clause survive *Johnson*).

*Johnson* provides Brown no succor here. He qualified for an ACCA enhancement because of a prior conviction for murder, a conviction for aggravated assault, a conviction for attempted kidnapping, and two convictions for robbery by intimidation. As will be explained below, at least three of those constitute ACCA "violent felonies," and not "residual clause" offenses. His enhanced conviction therefore survives *Johnson*.

### A. Murder

Brown concedes that his 1974 murder conviction qualifies as a violent felony under the ACCA. Doc. 64 at 1. *See generally* 18 U.S.C. 924(c)(3)(A). That's one enhancement-triggering conviction.

### B. Attempted Kidnaping

The Government concedes that attempted kidnapping no longer qualifies as a violent felony after *Johnson*. Doc. 70 at 4-5. Still one.

### C. Aggravated Assault

Brown disputes that his 1992 conviction for aggravated assault

5

remains an ACCA enhancement triggering offense. Doc. 64. Defined then and now as assault "with a deadly weapon," O.C.G.A. § 16-5-21(a)(2) unquestionably comes under the ACCA. *Hayward v. United States*, 2016 WL 5030373 at *3 (S.D. Ga. Sept. 19, 2016); *Neesmith v. United States*, 2016 WL 1688780 at * 2 n. 2 (S.D. Ga. Apr. 26, 2016). Brown was convicted of "unlawfully mak[ing] an assault upon the person of Sylvia Smart with a deadly weapon, by pointing a certain firearm at her," in violation of O.C.G.A. § 16-5-21. *See* doc. 70-3. [3] On the state

---

[3] "To determine whether a crime constitutes a violent felony, a court must follow a categorical approach in which it looks 'only to the statutory definitions of the prior offenses, and not to the particular facts underlying those convictions.'" *United States v. Brown*, 379 F. App'x 872, 874 (11th Cir. 2010) (quoting *Taylor v. United States*, 495 U.S. 575, 600 (1990)). The sentencing judge thus must compare the elements of the defendant's prior conviction with the elements of the "generic" ACCA crime. *Taylor*, 495 U.S. at 599. By "generic crime," the *Taylor* applied "the generic sense in which the term is now used in the criminal codes of most States." *Id.* at 598; *United States v. Haney*, __ F.3d __, 2016 WL 6298695 at * 1 (7th Cir. Oct. 27, 2016). The ACCA generically defines "violent felony" to include "any crime punishable by imprisonment for a term exceeding one year . . . that . . . has as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i).

If the elements of the defendant's prior offense are broader than those of the generic crime, then the prior conviction cannot count as an ACCA predicate offense. But if those elements match (or are narrower) than the generic offense's elements, that conviction "categorically" qualifies as an ACCA offense." *See King v. United States*, __ F.Supp.3d __, 2016 WL 4487785 at *4 (S.D. Fla. Aug. 24, 2016). Where the

> prior offense does not categorically qualify as a predicate offense under the ACCA because the offense of conviction is broader than the generic crime, *Taylor* explained that the sentencing court may go beyond the elements of the offense and look to whether "the charging paper and jury instructions actually required the jury to find all the elements of [the generic crime] in order to

6

statute's elements, that's a clear use of the "threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(1)(2)(B)(i).[4] *See*

---

convict the defendant." 495 U.S. at 602, 110 S. Ct. 2143. This later became known as the "modified categorical approach," which the Supreme Court expanded in *Shepard* [*v. United States*, 544 U.S. 13, 26 (2005)].

*Id.* at * 5. Then, to determine the statutory basis for conviction, a court may consult certain *"Shepard"* documents such as charging documents, plea agreements, transcripts of plea colloquies, jury instructions, and verdict forms. *Johnson*, 559 U.S. at 144. Undisputed facts contained in a Presentence Investigative Report may also be used in determining the statutory basis for conviction. *In re Hires*, 825 F.3d 1297, 1302 (11th Cir. June 15, 2016) (citing *United States v. McCloud*, 818 F.3d 591, 595, 599 (11th Cir. 2016)); *United States v. Ramirez-Flores*, 743 F.3d 816, 820 (11th Cir. 2014); *United States v. Wade*, 458 F.3d 1273, 1277-78 (11th Cir. 2006).

Finally, courts use the modified categorical approach only when the statute of conviction contains "divisible" elements requiring a jury to make a finding in the alternative. *Descamps v. United States*, __ U.S. __, 133 S. Ct. 2276, 2285 (2013). Hence, the modified categorical approach does not apply to an overbroad statute, but only to a statute that defines the crime *alternatively* with "one statutory phrase corresponding to the generic crime and another not." *Id.* at 2286. This distinction between "divisible" and "non-divisible" statutes is critical when determining whether a defendant's prior convictions may now qualify under the ACCA. *King*, 2016 WL 4487785 at *5. Also, "the modified categorical approach does not apply when the statute lists "diverse means of satisfying a single element of a single crime -- or otherwise said, spells out various factual ways of committing some component of the offense." *Id.* (quoting *Mathis v. United States*, __ U.S. __, 136 S.Ct. 2243, 2249 (2016)).

Brown's aggravated assault felony under O.C.G.A. § 16-5-21(a)(2) required the use or attempted use of violent physical force. That statute's elements categorically qualify as a violent felony under the ACCA's elements clause, not its residual clause, so he cannot look to *Johnson* for relief here. *See Whitfield v. United States*, 2016 WL 6403640 at * 2 (S.D. Ga. Aug. 22, 2016).

[4] The Eleventh Circuit has held that an analogous Florida aggravated assault statute:

is categorically a violent felony under the ACCA's elements clause. *Turner v. Warden Coleman FCI (Medium)*, 709 F.3d 1328, 1337-38 & n. 6 (11th Cir. 2013), *abrogated on other grounds by Johnson*, 576 U.S. __, 135 S. Ct. 2551. In *Turner*, we reasoned that an aggravated assault conviction "will always

7

*Hires*, 825 F.3d at 1303 ("because [Brown's] convictions qualified under the elements clause, that settles the matter for *Johnson*-residual clause purposes regardless of whether those convictions would count were [he] being sentenced today."). That's two ACCA enhancement-triggering convictions.

D. **Robbery by Intimidation**

Finally, Brown denies that his 1970 and 1973 convictions for robbery by intimidation remain ACCA enhancement-triggering offenses. Doc. 64. In Georgia, robbery can be committed in one three of ways: by use of force; by intimidation, threat or coercion, or placing a person in fear of immediate bodily injury; or by "sudden snatching." *See* O.C.G.A. § 16-8-40. Where the defendant commits robbery by sudden snatching, the statute does not require the use of violent, physical force, *see Johnson v. United States*, 559 U.S. 133, 138 (2010), but can be committed where, for example, the victim merely observes the defendant commit

---

include as an element the threatened use of physical force against the person of another." *Id*. at 1338 (quotations marks and alteration omitted). This Court noted that it was not necessary to review the underlying facts of the conviction to classify aggravated assault as a violent felony because, by its own terms, the offense required a threat to do violence to the person of another. *In re Hires*, 825 F.3d at 1301.

8

larceny, *see, e.g., Sweet v. State*, 304 Ga. App. 474, 476-77 (2010); *King v. State*, 214 Ga. App. 311 (1994). So, Georgia robbery does not categorically qualify as a violent felony following Johnson. *In re: Herman McClouden*, No. 16-13525-J (11th Cir. July 12, 2016).

Here, however, there is no question that Brown was convicted of a violent felony within the meaning of the ACCA. He was twice charged with armed robbery and subsequently convicted[5] (at least once)[6] of the lesser-included offense "robbery by intimidation." *See* docs. 70-1 & 70-2. Robbery by intimidation occurs when "[a] person . . . with the intent to

---

[5] In 1970, Brown was charged with armed robbery for the "unlawfully and with intent to commit theft, tak[ing] . . . the property of Arnold J. Levin, by the use of an offensive weapon, to wit: a pistol[.]" Doc. 70-1 at 4. He was jury-convicted of the lesser charge of robbery by intimidation and sentenced to five years' imprisonment. *Id.* at 8. Then, in 1973, Brown was charged with armed robbery for "unlawfully and with intent to commit theft, tak[ing] . . . the property of Jerry Krause . . . by use of an offensive weapon, to wit: a pistol[.]" Doc. 70-2 at 4. He pled guilty to the lesser charge of robbery by intimidation and was sentenced to eighteen years' imprisonment. *Id.* at 8.

[6] Oddly, Brown admits he was convicted of robbery by intimation on June 2, 1970, but disputes that he was convicted of robbery on September 18, 1973. He contends that another Theodore Brown actually committed the 1973 robbery, one born in 1949, while movant was born in 1950. Doc. 64. A search of the Georgia Department of Corrections inmate locator (http://www.dcor.state.ga.us/ GDC/Offender/Query) for a former inmate named Theodore Brown reveals such an individual born in 1950 and incarcerated from 1970-1973, 1974-1989, and 1994-2000 for a 1973 robbery, a 1974 murder, and a 1992 attempted kidnapping and aggravated assault. No 1970 robbery is listed. The Court need not reconcile whether Brown committed just the 1970 robbery he admits to or both, because only one more violent felony is needed to meet the ACCA enhancement threshold.

commit theft . . . takes property of another from the person of another or the immediate presence of another . . . by intimidation, by the use of threat or coercion, or by placing such person in fear of immediate serious bodily injury to himself or to another. . . ." O.C.G.A. § 16-8-40. "A conviction for robbery by intimidation . . . requires proof that the theft was attended with such circumstances of terror-such threatening by word or gesture, as in common experience, are likely to create an apprehension of danger, and induce a [person] to part with his property for the safety of his person." *Smith v. State*, 247 Ga. App. 173 (2000). On the state statue's elements, that's a clear use of the "threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(1)(2)(B)(i); *Cooks v. United States*, 2015 WL 7069665 at *2 (S.D. Ga. Nov. 13, 2015) ("[R]obbery by intimidation contains as an element a threat, implicit or overt, which would likely create fear for the safety of the person being threatened. Although this definition does not include the word force, the natural corollary of an act that creates fear for the safety of a person is the threatened use of physical force against that person.").[7] *See Hires*, 825 F.3d at 1303 ("because [Brown's] convictions

---

[7] Indeed, the Seventh Circuit reached this same conclusion and held that Georgia's

10

qualified under the elements clause, that settles the matter for *Johnson*-residual clause purposes regardless of whether those convictions would count were [he] being sentenced today."). And with his robbery by intimidation conviction(s), Brown has passed the ACCA three-conviction threshold for enhancement as an armed career criminal.

Because his prior convictions remain predicate offenses triggering an ACCA enhancement, *see* 18 U.S.C. §§ 924(e)(1) & (2)(B), *Johnson* has no impact on the validity of movant's sentence. It follows that Brown cannot look to § 2255(f)(3) to define when his one-year statute of limitations began to run. Instead, he's relegated to § 2255(f)(1), which dictates that the clock started the day his conviction became final (May 13, 1996, when the Eleventh Circuit affirmed his sentence) and ran out on May 13, 1997 (one year later). His motion is therefore also untimely.[8]

---

robbery by intimidation statute falls under the elements clause of the ACCA because it contains as an element a threat of the use of physical force. *See United States v. Thomas*, 280 F.3d 1149, 1159, (7th Cir. 2002). Other circuits have held that similar robbery by intimidation statutes fall under the elements clause. *See United States v. Presley*, 52 F.3d 64, 69 (4th Cir. 1995) (Virginia robbery by intimidation statute involved threatened use of physical force); *United States v. Melton*, 344 F.3d 1021, 1026 (9th Cir. 2003) (same); *United States v. Mitchell*, 743 F.3d 1054, 1059 (6th Cir.) (Tennessee crime of robbery by fear fell under elements clause because fear defined as "a fear of bodily injury and of present personal peril from violence offered or impending.").

[8] Equitable tolling can, in exceptional circumstances, allow untimely motions to proceed. *See Holland v. Florida*, 560 U.S. 631, 649 (2010). So can a "'fundamental

Accordingly, Brown's § 2255 motion should be **DENIED**.

Finally, Brown asks that the Court appoint counsel. Docs. 63 & 71. The Rules Governing § 2255 Cases provide that appointment of counsel is proper if an evidentiary hearing is needed or if certain discovery is required, provided that the movant qualifies under 18 U.S.C. § 3006A(g). Rules 6(a), 8(c). As reflected in his moving papers, Brown has demonstrated his ability to file appropriate pleadings seeking § 2255 relief, and neither an evidentiary hearing nor discovery are necessary to resolve his case on the merits. *Jones v. United States*, 2016 WL 3476429 at *4 n. 5 (S.D. Ga. June 21, 2016), *adopted*, 2016 WL 4472973 (S.D. Ga. Aug. 24, 2016); *Bing v. United States*, 2015 WL 4092699 at * 3 (S.D. Ga. July 6, 2015), *adopted*, 2015 WL 675168 (S.D. Ga. Nov. 4, 2015). Movant's motion for appointment of counsel, docs. 57 & 59, is therefore **DENIED**.

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C.

---

miscarriage of justice'" that "'has probably resulted in the conviction of one who is actually innocent.'" *Fail v. United States*, 2016 WL 1658594 at * 4 (S.D. Ga. Mar. 23, 2106) (quoting *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931 (2013)). Movant invokes neither tolling nor the miscarriage exception, and offers no new evidence or exceptional circumstances to trigger either.

§ 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. U.S.*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this  7th  day of November, 2016.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA