IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

THEODORE BROWN,             *
                            *
        Petitioner,         *
                            *    CIVIL ACTION NO.
v.                          *    CV 416-190
                            *    (Formerly CR 494-086)
UNITED STATES OF AMERICA,   *
                            *
        Respondent.         *

**O R D E R**

On November 29, 2016, this Court denied Petitioner Theodore Brown's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. Presently before the Court is Petitioner's motion for reconsideration and his motion to proceed in forma pauperis on appeal.

In his motion for reconsideration, Petitioner challenges the Court's determination that he is not eligible for post-conviction relief pursuant to the new rule of constitutional law announced in Johnson v. United States, 135 S. Ct. 2551, 2563 (2015) (finding the "residual clause" of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii), to be void for vagueness and a violation of the Constitution's guarantee of due process). The ACCA provides a sentence enhancement for a defendant who has three prior convictions for a violent felony. 18 U.S.C. § 924(e)(1). The ACCA

defines "violent felony" as any crime punishable by imprisonment for a term exceeding one year that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (known as the "elements clause"); (2) is a burglary, arson, or extortion, [or] involves use of explosives" (known as the "enumerated offenses clause"); or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (known as the "residual clause"). 18 U.S.C. § 924(e)(2)(B). The <u>Johnson</u> decision struck down the residual clause of the ACCA, not the other two clauses.

In sum, this Court found, by adopting the Report and Recommendation issued on November 7, 2016, that Petitioner had four prior convictions that qualified as violent felonies for purposes of the ACCA. Two of the convictions, a 1974 murder conviction and a 1992 conviction for aggravated assault, are unchallenged as violent felonies in Petitioner's motion for reconsideration. Rather, Petitioner focuses on the third and fourth convictions for robbery by intimidation.[1] Through his motion for reconsideration, Petitioner insists that "[r]obbery by intimidation falls under the purview of the residual

---

[1] As noted in the Report and Recommendation, this Court need not delve into whether the 1973 conviction for robbery by intimidation actually belongs to Petitioner because the 1970 conviction for robbery by intimidation gets Petitioner to three for purposes of the ACCA enhancement.

2

clause." (Doc. 15, at 1.)

In the Report and Recommendation, the Magistrate Judge points out that while Petitioner was charged with armed robbery, he was convicted by a jury of the lesser charge of robbery by intimidation. From there, the Magistrate Judge concludes, and appropriately so, that a robbery by intimidation conviction falls within the "elements" provision of the ACCA, not the invalidated residual clause, because the elements of robbery by intimidation include that the offender "threatened use of physical force against the person of another." See 18 U.S.C. § 924(e)(2)(B)(1) ("[T]he term 'violent felony' . . . has as an element the use, attempted use, or threatened use of physical force against the person of another . . . ."); see also Report and Recommendation, Doc. 73, at 9-11. As explained, this conclusion follows from the fact that a conviction for robbery by intimidation "requires proof that the theft was attended with such circumstances of terror-such threatening by word or gesture, as in common experience, are likely to create an apprehension of danger, and induce a [person] to part with his property for the safety of his person." Smith v. State, 247 Ga. App. 173 (2000). And, while this definition does not contain the word "force," "the natural corollary of an act that creates fear for the safety of a person is the threatened use of physical force

3

against that person." Cooks v. United States, 2015 WL 7069665, at *2 (S.D. Ga. Nov. 13, 2015); see also Report and Recommendation, Doc. 73, at 10-11 n.7. Thus, Petitioner's reliance upon the Johnson decision is misplaced, and he is therefore not entitled to relief from the judgment entered against him in this § 2255 case. For this reason, his motion for reconsideration (doc. 15) is **DENIED**.

Petitioner also seeks to proceed in forma pauperis on appeal. The requirements for litigants seeking to proceed in forma pauperis on appeal are set forth in 28 U.S.C. § 1915. In addition to the financial requirements, § 1915(a)(3) provides that "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." An appeal is not taken in good faith when a litigant seeks review of frivolous issues from an objective standard. See Coppedge v. United States, 369 U.S. 438, 445 (1962). In deciding whether an IFP appeal is frivolous, the district court determines whether the issues raised have any arguable merit either in law or fact. See Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001).

In this case, Petitioner has not presented any non-frivolous issue. The Report and Recommendation adopted by this Court thoroughly explains why he is not entitled to relief. Accordingly, Petitioner's appeal is not taken in good

4

faith, and his motion to proceed on appeal in forma pauperis (doc. 16) is therefore **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this 26th day of January, 2017.

                                              HONORABLE J. RANDAL HALL
                                              UNITED STATES DISTRICT JUDGE
                                              SOUTHERN DISTRICT OF GEORGIA